IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

VS.                                               CRIMINAL NO.: 4:15-cr-73-DMB-JMV-1

STEVEN HAYNES, ET AL.

**ORDER**

This matter is before the court on Defendant's Motion to Substitute Attorney [55]. For the reasons discussed below, the motion is not well taken and will be denied.

Attorney Kenneth Coghlan is currently retained to represent Defendant Steven Haynes. Defendant seeks to substitute Attorney Robert Sneed Laher as his attorney of record. But, Attorney Laher currently represents a co-defendant, Derrick Jones, in the above-styled criminal matter. The government alerted the court to this conflict of interest in its response to Defendant's motion, fulfilling its obligation under Rule 44(c) of the Federal Rules of Criminal Procedure. *See also United States v. Holley*, 826 F.2d 331, 333 (5th Cir. 1987).

The Sixth Amendment right to counsel includes the "right to representation that is free from any conflict of interest." *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006) (citing *United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir. 1993)). "A conflict exists when defense counsel places himself in a position conducive to divided loyalties." *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1985) (internal citation omitted). As the government points out in its response to the motion for substitution, Mississippi Rule of Professional Conduct 1.7(b) (Conflicts of Interest) provides

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless the lawyer reasonably believes:

> (1) the representation will not be adversely affected; and
> (2) the client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.

Of significance in this regard is the fact that the Defendant did not file a reply to the government's response to his motion. Thus, there is no evidence before the court showing Defendant Hayne knows of this conflict, has consented to it, or appreciates the implications of this conflict. Under these circumstances, the motion to substitute will be **DENIED**.

**SO ORDERED**, this the 5th of August, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**