IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                            CRIMINAL NO.: 4:15-cr-73-DMB-JMV

STEVEN HAYNES, et al.

**ORDER**

Before the court is the defendant's Motion to Dismiss Attorney of Record and Appoint New Counsel [260], filed July 22, 2016. On July 27, 2016, counsel for defendant, Kenneth Coghlan, filed his Response to Motion [265]. For the reasons stated herein, defendant's Motion to Dismiss Attorney of Record and Appoint New Counsel [260] is denied.

Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause. *See United States v. Sexton*, 473 F.2d 512, 514 (5th Cir. 1973). "Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). Further, "a Sixth Amendment violation occurs only if a court refuses to inquire into a seemingly substantial complaint about defense counsel." *Howard v. Thaler*, 2013 WL 1558691, at *12 (S.D. Tex. Apr. 10, 2013).

In determining whether to appoint new counsel, "a trial court reasonably may rely on defense counsel's assessment of actual or potential conflict." *Id*; *see also Holloway v. Arkansas,* 435 U.S. 475, 485 (1978) (stating that the appointed attorney "is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial"); *United States v. Creel,* 158 F. App'x 627, 628 (5th Cir. 2004)

(unpublished) (defendant's "disagreements with counsel" did not "constitute[ ] good cause for him to receive a new attorney").  In *United States v. Romero-Trejo*, 476 F. App'x 790, 791 (5th Cir. 2012), the Fifth Circuit reviewed the district court's denial of an indigent defendant's motion to substitute counsel.  In its opinion, the Fifth Circuit held as follows: "Our review of the record shows that the district court's inquiry into Romero–Trejo's alleged problem with counsel presents no meritorious claim because it was sufficient to ascertain the nature of the problem alleged and to glean the relevant facts."  *United States v. Romero-Trejo*, 476 F. App'x 790, 791 (5th Cir. 2012); *see United States v. Fields,* 483 F.3d 313, 352 (5th Cir. 2007).

In the case at bar, the court requested a response from defense counsel in order to ascertain the nature of the problem alleged and to glean the relevant facts.  Defendant's allegations in his motion are vague and non-specific.  On the other hand, counsel for defendant, Mr. Coghlan, demonstrated twenty-two in-person meetings with the detained defendant, as well as multiple other specific efforts to prepare his case for trial.  *See* Response [265] at ¶ 3.  Under these circumstances, the appointment of new counsel is not appropriate.

Accordingly, the instant Motion to Dismiss Attorney of Record and Appoint New Counsel [260] is denied.  Should the defendant wish to reurge his motion with specific citings to alleged failures of defense counsel, he may do so.

**SO ORDERED**, this the 28th of July, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**