IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                    NO. 4:15-CR-73-5

STEVEN HAYNES

## ORDER STRIKING MOTION REQUESTING DISMISSAL

On July 29, 2016, Steven Haynes filed a pro se motion titled, "Defendant's Motion Requesting Dismissal of the Indictment." Doc. #267. In the motion, Haynes asks the Court to "dismiss the indictment on a constitutional violation," arguing that he has been denied his right to a speedy trial. *Id.* at 1–2. The Court will not reach the merits of Haynes' pro se motion because it violates the hybrid representation rule.

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel …." (emphasis added). "Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive" such that a "criminal defendant does not have the right … to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). Accordingly, "unless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel, the defendant is bound by his attorney's decisions during trial." *Id*. Where a litigant violates the hybrid representation rule by filing a pro se motion while represented by counsel, a court may strike such a filing. *See Martinez v. Dretke*, 426 F.Supp.2d 403, 534 (W.D. Tex. 2006) ("There is … no right to hybrid representation on appeal. Therefore, this Court will strike petitioner's pro se motions.") (internal citation omitted); *United States v. Young*, 99 F.3d 1135, 1996 WL 595643, at *1 (5th Cir. 1996) (unpublished table decision) ("This

brief is stricken from the record because it constitutes hybrid representation, and there is no right to such representation on appeal.").

Haynes has had counsel in this case since June 30, 2015, when the Federal Public Defender was appointed to represent him, with such appointment to "remain in effect until terminated or a substitute attorney is appointed or retained." Doc. #14. On July 1, 2015, the Court entered an order substituting Kenneth H. Coghlan in place of the Federal Public Defender as Haynes' counsel of record. Doc. #34. Coghlan has been Haynes' counsel since then, and there is no question that Coghlan represented Haynes at the time Haynes filed his pro se motion seeking dismissal. In his pro se motion, Haynes does not argue or present any proof that he is being denied his Sixth Amendment right to assistance of counsel. In the absence of such proof or argument by Haynes,[1] Haynes is not entitled to partially represent himself and also have his counsel of record partially represent him. Accordingly, Haynes' pro se motion requesting dismissal of the indictment [267] is **STRICKEN** from the record in this case.

**SO ORDERED**, this 1st day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1]. On July 22, 2016, Haynes filed a motion titled, "Defendant's Motion to Dismiss Attorney-of-Record and Appoint New Counsel," in which he asserted vague allegations that his counsel "has avoided [his] attempts at contact numerous times" and "has made no significant showing of any attempt of providing [a] comprehensive legal defense for [him]." Doc. #260. However, on July 28 2016, after considering his counsel's response to the allegations, United States Magistrate Judge Jane M. Virden denied Haynes' motion for new counsel, finding that Haynes' counsel, Coghlan, had "demonstrated twenty-two in-person meetings with [Haynes], as well as multiple other specific efforts to prepare [Haynes'] case for trial." Doc. #266. The Court finds no Sixth Amendment violation on this record which would justify an exception to the hybrid representation rule.