IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. NO. 4:15-CR-73-5

STEVEN HAYNES

### ORDER STRIKING MOTION

On August 22, 2016, Steven Haynes filed a pro se motion titled, "Motion [for] Speedy Trial." Doc. #289. In his motion, Haynes "request[s] the Court order trial to commence within the time period prescribed by law."[1] *Id.* at ¶ 4. The Court will not reach the merits of Haynes' pro se motion because it violates the hybrid representation rule.

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel …." "Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive" such that a "criminal defendant does not have the right … to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). Accordingly, "unless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel, the defendant is bound by his attorney's decisions during trial." *Id*. Where a litigant violates the hybrid representation rule by filing a motion or any request for relief while represented by counsel, a court may strike such a filing. *See, e.g., Martinez v. Dretke*, 426 F.Supp.2d 403, 534 (W.D. Tex. 2006) ("There is … no right to hybrid representation on appeal. Therefore, this Court will strike petitioner's pro se motions.") (internal citation omitted); *United States v. Young*, 99 F.3d 1135, 1996 WL 595643, at *1 (5th Cir. 1996) (unpublished table decision) ("This brief is

---

[1] Haynes states that he "object[s] to any and all continuance …."

stricken from the record because it constitutes hybrid representation, and there is no right to such representation on appeal.").

Haynes has had counsel in this case since June 30, 2015, when the Federal Public Defender was appointed to represent him, with such appointment to "remain in effect until terminated or a substitute attorney is appointed or retained." Doc. #14. On July 1, 2015, the Court entered an order substituting Kenneth H. Coghlan in place of the Federal Public Defender as Haynes' counsel of record. Doc. #34. Coghlan represented Haynes until the Court appointed the Federal Public Defender as Haynes' counsel on August 8, 2016, after allowing Coghlan to withdraw from the representation. Doc. #273; Doc. #274. The next day, on August 9, 2016, the Court entered an order substituting David G. Hill in place of the Federal Public Defender as Haynes' counsel of record. Doc. #276. Hill has been Haynes' counsel since then, and there is no question that Hill represented Haynes at the time Haynes filed his pro se motion. Significantly, in his motion, Haynes does not argue or present any proof that, with respect to Hill's representation of him (which was in effect when the instant pro se motion was filed),[2] he is being denied his Sixth Amendment right to assistance of counsel. In the absence of such proof or argument by Haynes, Haynes is not entitled to partially represent himself and also have his counsel of record partially represent him. Accordingly, Haynes' pro se motion [289] is **STRICKEN** from the record in this case.

**SO ORDERED**, this 22nd day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Haynes claims in the motion that he "ask[ed] his legal counsel to file this motion [for] speedy trial. The reques[t] was ignored by the movants Attorney Mr. Coghlan[,] who's now not the movants attorney anymore." Because Hill was Haynes' counsel of record at the time Haynes filed the instant pro se motion, not Coghlan, as Haynes acknowledges, such claim does not alter the Court's decision to strike the motion.

2