IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**FILED**

AUG 3 1 2016

DAVID CREWS, CLERK
BY_____
  Deputy

UNITED STATES OF AMERICA

v.

| | |
|---|---|
| DERRICK JONES, a/k/a, "Dcaine", "D" | CRIMINAL NO: 4:15CR73 |
| STEVEN HAYNES, a/k/a, "Papoo", "Pap" | 21 U.S.C. § 841 |
| CRAIG HAYNES, a/k/a, "Pint" | 21 U.S.C. § 846 |
| TALISA SHIVERS, a/k/a, "Talisa Morris" | 18 U.S.C. § 922 |
| SIDNEY AVANT III, a/k/a, "Bubba" | 18 U.S.C. § 924 |
| SIDNEY AVANT, JR., a/k/a, "Buddy" | 18 U.S.C. § 1512 |
| | 18 U.S.C. § 1513 |
| | 18 U.S.C. § 1956 |

## FOURTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Conspiracy to Possess with Intent to Distribute Heroin
[21 U.S.C. § 846]

**Introduction**

1. At various times relevant to this Indictment, the defendants and others, known and unknown, conspired to engage in narcotics distribution, money laundering, and acts of violence involving murder in Clarksdale, Coahoma County, Mississippi, including the Northern District of Mississippi and elsewhere.

**The Conspiracy**

2. Beginning on a date unknown to the Grand Jury, but on or about January 2014, and continuing until June 2015, in the Northern District of Mississippi and elsewhere, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", DERRICK JONES, a/k/a, "Dcaine", "D", CRAIG HAYNES, a/k/a, "Pint", and TALISA SHIVERS, a/k/a, "Talisa Morris", did unlawfully, knowingly and intentionally combine, conspire, and agree with each other, and

persons both known and unknown to the Grand Jury, including Octavious Conner, a/k/a, "Tay Tay", Antonio Lewis, a/k/a, "Pokey", Cordarell Johnson, a/k/a, "Black", Frank Williams, a/k/a, "Fat Daddy", "Fats", Errick Hackler, a/k/a, "Mac G", Reginald Murray and Tony Lewelling, to distribute and possess with intent to distribute a mixture and substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), (b)(1)(C) and 846.

**Purposes of the Conspiracy**

3. The purposes of the conspiracy included, but were not limited to, the following:

A. To establish a heroin distribution network, which would obtain and subsequently distribute heroin in Clarksdale, Coahoma County, Mississippi, and in the Northern District of Mississippi and elsewhere, in an effort to obtain as much money as possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of heroin to customers of the network.

B. To enrich the leaders and members of the conspiracy through, among other things, the illegal trafficking of controlled substances.

C. To enrich the leaders and members of the conspiracy through the use of violence, including, but not limited to, acts of murder.

D. To preserve and protect the power, territory, operations and proceeds of the conspiracy through the use of threats, intimidation, and violence, including, but not limited to, acts of murder and obstruction of justice.

E. To keep others in fear of the leaders and members of the conspiracy through threats of violence and actual violence. The leaders and members of the conspiracy undertook all steps necessary to prevent the detection of their criminal activities and sought to

prevent and resolve the imposition of any criminal liabilities upon their leaders and members by the use of murder, violence, and intimidation directed against witnesses, victims, and others.

      F.      Preserving and protecting the financial proceeds of the conspiracy through the laundering of drug proceeds.

## Manner and Means to Accomplish the Conspiracy

      4.      The charged conspiracy was accomplished by the following means, among others, and in the following manner:

      A.      It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

      B.      It was further part of the conspiracy that co-conspirators would communicate with each other and with other heroin traffickers in Chicago, Illinois, Memphis, Tennessee, and Mississippi, among other places, to arrange the purchase and shipment of heroin into the Northern District of Mississippi, and elsewhere.

      C.      It was further part of the conspiracy that heroin were prepared, packaged and/or stored, prior to distribution to buyers, in co-conspirators' premises, known as "stash houses." Co-conspirators used these "stash houses" to avoid detection by law enforcement authorities.

      D.      It was further part of the conspiracy that co-conspirators transported and distributed heroin to buyers in the Northern District of Mississippi, and elsewhere.

E. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

F. It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is, by making telephone calls to communicate with each other, with suppliers, and with customers.

G. It was further part of the conspiracy that co-conspirators regularly financed their activities through funds obtained in the illegal trafficking of controlled substances, including, but not limited to, the distribution and possession with the intent to distribute heroin.

H. It was further part of the conspiracy that co-conspirators hid, misrepresented, concealed, and caused to be hidden, misrepresented, and concealed, the objectives of acts done in furtherance of the conspiracy, and used coded language and other means of communication to avoid detection and apprehension by law enforcement authorities.

### Quantity of Heroin Involved in the Conspiracy

5. The amount involved in the conspiracy attributable to STEVEN HAYNES and CRAIG HAYNES as a result of their own conduct is an amount in excess of one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

### Overt Acts

6. In furtherance of the conspiracy and to achieve the objective thereof, the defendants performed or caused to be performed one or more of following overt acts, among others, in the Northern District of Mississippi, and elsewhere.

A.  Beginning on a date unknown to the Grand Jury, but between on or about January 2014 and June 2015, defendant STEVEN HAYNES received heroin from Errick Hackler, and others, for distribution in the Northern District of Mississippi and elsewhere.

B.  Beginning on a date unknown to the Grand Jury, but between on or about January 2014 and June 2015, defendant DERRICK JONES distributed heroin to defendant STEVEN HAYNES in the Northern District of Mississippi.

C.  Beginning on a date unknown to the Grand Jury, but between on or about January 2014 and June 2015, defendants DERRICK JONES and STEVEN HAYNES distributed heroin to Tony Lewelling, Reginald Murray and others in the Northern District of Mississippi. Tony Lewelling and Reginald Murray in turn distributed said drugs in the Northern District of Mississippi. Lewelling would also bring customers for the purchase of controlled substances to DERRICK JONES and STEVEN HAYNES.

D.  Beginning on a date unknown to the Grand Jury, but between on or about January 2014 and June 2015, defendant STEVEN HAYNES distributed heroin to CRAIG HAYNES and others in the Northern District of Mississippi. CRAIG HAYNES and others, in turn distributed said drugs in the Northern District of Mississippi.

E.  Beginning on a date unknown to the Grand Jury, but between on or about January 2014 and June 2015, law enforcement made controlled buys of heroin from Tony Lewelling. Subsequently, Tony Lewelling worked as a confidential informant for law enforcement and made undercover buys of heroin from his drug suppliers, STEVEN HAYNES and DERRICK JONES, and others.

F.  Beginning on a date unknown to the Grand Jury, but between on or about January 2014 and June 2015, defendant TALISA SHIVERS did unlawfully, knowingly and intentionally distribute heroin and launder drug proceeds for STEVEN HAYNES.

G.  Between January 31, 2015 and February 1, 2015, TALISA SHIVERS approached Tony Lewelling and inquired if Tony Lewelling was working with law enforcement.

H.  On or about March 3, 2015, STEVEN HAYNES, CRAIG HAYNES, DERRICK JONES, SIDNEY AVANT III and SIDNEY AVANT, JR. held a meeting where they discussed Tony Lewelling's undercover controlled buys of heroin from STEVEN HAYNES, DERRICK JONES and other members of the organization. After STEVEN HAYNES and DERRICK JONES learned of the undercover buys, they conspired and agreed with each other, and with others, to kill Tony Lewelling. As a result of their plan, on or about March 4, 2015, Tony Lewelling, and his wife Penny Lewelling, were murdered.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

Conspiracy to Murder Another Person with Intent to Prevent the Attendance and Testimony at an Official Proceeding
[18 U.S.C. § 1512]

7.  Paragraphs One through Six of this Indictment are re-alleged and incorporated by reference as though set forth fully herein.

8.  Beginning on or about March 3, 2015, and continuing until on or about March 5, 2015, in the Northern District of Mississippi, the defendants, DERRICK JONES and STEVEN HAYNES did unlawfully, knowingly, and intentionally combine, conspire, and agree with each other and others known and unknown to the Grand Jury to kill and murder Tony Lewelling, defined in Title 18, United States Code, Section 1111 as an unlawful killing, done willfully,

deliberately, maliciously, and with premeditation, resulting in the death of Tony Lewelling and Penny Lewelling, such conduct occurring with the intent to prevent the attendance and testimony of Tony Lewelling and Penny Lewelling at a federal Grand Jury proceeding and a federal trial proceeding concerning their knowledge of facts relating to conspiracy to possess with the intent to distribute and to distribute heroin as set forth in Count One of this Indictment and conspiracy to murder Tony Lewelling; in violation of Title 18, United States Code, Sections 1512(a)(1)(A), 1512(a)(3)(A), and 1512(k).

### COUNT THREE

Conspiracy to Murder Another Person with Intent to Prevent the Attendance and Testimony at an Official Proceeding
[18 U.S.C. § 1513]

9. Paragraphs One through Six of this Indictment are re-alleged and incorporated by reference as though set forth fully herein.

10. Beginning on or about March 3, 2015, and continuing until on or about March 5, 2015, in the Northern District of Mississippi, the defendants, DERRICK JONES and STEVEN HAYNES did unlawfully, knowingly, and intentionally combine, conspire, and agree with each other and others known and unknown to the Grand Jury to kill and murder Tony Lewelling, defined in Title 18, United States Code, Section 1111 as an unlawful killing, done willfully, deliberately, maliciously, and with premeditation, resulting in the death of Tony Lewelling and Penny Lewelling, such conduct occurring with the intent to retaliate against Tony Lewelling for providing to a law enforcement officer information relating to the commission and possible commission of conspiracy to possess with the intent to distribute and to distribute heroin as set forth in Count One of this Indictment; in violation of Title 18, United States Code, Sections 1513(a)(1)(b), 1513(a)(2)(A), and 1513(f).

## COUNT FOUR

<u>Conspiracy to Commit Money Laundering</u>
[18 U.S.C. § 1956]

11. Paragraphs One through Six of this Indictment are re-alleged and incorporated by reference as though set forth fully herein.

12. Beginning on a date unknown to the Grand Jury, but on or about January 2014, and continuing until at least June 2015, in the Northern District of Mississippi and elsewhere, defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", CRAIG HAYNES, a/k/a, "Pint", and TALISA SHIVERS, a/k/a, "Talisa Morris" did unlawfully, knowingly and intentionally combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Section 1956, to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, possession with intent to distribute and distribution of heroin, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### GOAL OF THE CONSPIRACY

13. As part of this conspiracy, STEVEN HAYNES, a/k/a, "Papoo", "Pap", and others established a heroin distribution network which would obtain and subsequently distribute heroin

8

in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. An object of this conspiracy was to conceal and disguise the source, ownership, and control of the illegal proceeds obtained through drug trafficking, with some of the drug proceeds being invested into property and other investments in an effort to make the drug proceeds appear as if they were from legitimate sources, and with some proceeds being wired through money service businesses to conceal and disguise the source, ownership, and control of the illegal proceeds.

## MANNER AND MEANS

14. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

15. It was part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap", CRAIG HAYNES, a/k/a, "Pint", TALISA SHIVERS, a/k/a, "Talisa Morris" and others, would and did possess with intent to distribute and distribute heroin into the Northern District of Mississippi and elsewhere, thereby acquiring sums of drug proceeds.

16. It was part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap", CRAIG HAYNES, a/k/a, "Pint", TALISA SHIVERS, a/k/a, "Talisa Morris" and others, would and did conduct and attempt to conduct financial transactions by purchasing real property in order to conceal and disguise the source, ownership, and control of the illegal proceeds.

17. It was also part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap", CRAIG HAYNES, a/k/a, "Pint", TALISA SHIVERS, a/k/a, "Talisa Morris" and others, utilized a money service business to wire drug proceeds to a third party working for a drug supplier in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

18.     This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity all in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE

### Distribution of a Controlled Substance
[21 U.S.C. § 841]

19.     On or about June 17, 2014, in the Northern District of Mississippi and elsewhere, the defendant, CRAIG HAYNES, a/k/a, "Pint" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the use of which resulted in the serious bodily injury of Overdose Victim #1 on or about June 17, 2014.

## COUNT SIX

### Distribution of a Controlled Substance
[21 U.S.C. § 841]

20.     On or about October 23, 2014, in the Northern District of Mississippi, the defendant STEVEN HAYNES, a/k/a, "Papoo", "Pap" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SEVEN

Distribution of a Controlled Substance
[21 U.S.C. § 841]

21. On or about November 24, 2014, in the Northern District of Mississippi, the defendant STEVEN HAYNES, a/k/a, "Papoo", "Pap", being aided and abetted by others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT EIGHT

Distribution of a Controlled Substance
[21 U.S.C. § 841]

22. On or about December 4, 2014, in the Northern District of Mississippi, the defendant STEVEN HAYNES a/k/a, "Papoo", "Pap", being aided and abetted by others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT NINE

Distribution of a Controlled Substance
[21 U.S.C. § 841]

23. On or about January 8, 2015, in the Northern District of Mississippi, the defendant STEVEN HAYNES, a/k/a, "Papoo", "Pap", being aided and abetted by others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture

and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT TEN

Distribution of a Controlled Substance
[21 U.S.C. § 841]

24. On or about January 28, 2015, in the Northern District of Mississippi, the defendant DERRICK JONES, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT ELEVEN

Distribution of a Controlled Substance
[21 U.S.C. § 841]

25. On or about February 9, 2015, in the Northern District of Mississippi, the defendant DERRICK JONES, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT TWELVE

Distribution of a Controlled Substance
[21 U.S.C. § 841]

26. On or about February 19, 2015, in the Northern District of Mississippi, the defendant DERRICK JONES, did unlawfully, knowingly and intentionally distribute a mixture

and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT THIRTEEN

Obstruction of Justice
[18 U.S.C. § 1512]

27. Beginning on or about the March 3, 2015, and continuing until August 5, 2016, in the Northern District of Mississippi, defendants SIDNEY AVANT III, a/k/a, "Bubba" and SIDNEY AVANT, JR., a/k/a, "Buddy", conspired with each other and others known and unknown to the Grand Jury to corruptly obstruct, influence and impede an official proceeding; that is, an investigation by the Drug Enforcement Administration and the Bureau of Alcohol, Tobacco, Firearms, and Explosives, agencies of the United States Department of Justice and the Federal Grand Jury in that SIDNEY AVANT III, a/k/a, "Bubba" and SIDNEY AVANT, JR., a/k/a, "Buddy", informed Steven HAYNES and Derrick JONES of the existence of Tony Lewelling's cooperation with federal authorities involving a federal investigation into their heroin trafficking activities, in violation of Title 18, United States Code, Section 1512(c)(2), (k).

### COUNT FOURTEEN

Accessory After the Fact
[18 U.S.C. § 3]

28. From on or about March 3, 2015, and continuing until August 5, 2016, in the Northern District of Mississippi, SIDNEY AVANT III, a/k/a, "Bubba" and SIDNEY AVANT, JR., a/k/a, "Buddy", defendants, aided and abetted by each other, knowing that an offense against the United States had been committed by Steven Haynes, Craig Haynes, and Derrick Jones, to wit, Conspiracy to Possess with Intent to Distribute and Distribution of Heroin, Possession With

Intent to Distribute and Distribution of Heroin, as referenced in Count One and Counts Five through Twelve, did relieve, comfort and assist the offenders, Steven Haynes, Craig Haynes, and Derrick Jones, in order to hinder and prevent the offenders' apprehension, trial and punishment for said offenses against the United States, all in violation of Title 18, United States Code, Sections 2 and 3.

### Forfeiture Provision

29. The allegations contained in Counts One and Five through Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

30. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, DERRICK JONES, a/k/a, "Dcaine", STEVEN HAYNES, a/k/a "Pap" "Papoo", CRAIG HAYNES, a/k/a, "Pint", and TALISA SHIVERS, a/k/a, "Talisa Morris" shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

31. Further, the allegations contained in Count Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

32. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants STEVEN HAYNES, a/k/a, "Papoo", "Pap", CRAIG HAYNES, a/k/a, "Pint", and TALISA SHIVERS,

a/k/a, "Talisa Morris" shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

33. The property subject to forfeiture to the United States includes, but is not limited to, the following:

1. Romarm, Model WASR-10, Rifle, S/N 1-52828-03.

2. Taurus, Model PT92AF, 9mm, semi-automatic pistol, S/N # TLK88346D

3. Ruger, Model LC9S, 9mm, semi-automatic pistol, S/N #327-10297

4. Arminius, Model HW357, .357 magnum, revolver, S/N #103175

5. Smith & Wesson, Model (unknown), .357 magnum, revolver, S/N #ALB8856

6. 2007 Chevrolet Tahoe, VIN 1GNFK13087R325384

7. 2003 Mercury Marquis, VIN 2MEFM74W13X666360

8. 2002 White Pontiac GAS, VIN 1G2NE52F42C176805

9. $6,700.00 United States currency seized from 1540 Camellia Drive

10. $1,265.00 United States currency seized from 1540 Camellia Drive

11. $612.00 United States currency seized from 1540 Camellia Drive

12. Lot 12 and the West Half of Lot 11, Block 3, Anderson Addition to the City of Clarksdale, Coahoma County, Mississippi (commonly known as 744 Pecan Street)

13. Lot 16, Block 6, Dolan and Peacock Subdivision, Clarksdale, Coahoma County, Mississippi.

14. 2007 Chrysler ASL White Mississippi tag number CMN 926, VIN 1A8HX58287F548149.

15. One Herman Welrauch, Model HW 357, .357 magnum revolver pistol, S/N: 1022027.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

                                                    **A TRUE BILL**

_Felicia C. Adam_                                       _/s/ redacted signature_
**UNITED STATES ATTORNEY**             **FOREPERSON**